## SCHWARTZ v. RAUCH et al.

### No. 14022.

Court of Appeal of Louisiana. Orleans.
Nov. 14, 1932.

Gordon Boswell, of New Orleans, for appellants.

Wm. Harry Talbot, of New Orleans, for appellee.

## HIGGINS, J.

The plaintiff brought this suit to recover damages for personal injuries and damage to his Chevrolet sedan alleged to have resulted from a collision with defendant's Graham truck on the Chef Menteur Highway, about a mile below the Chef Menteur bridge, on December 2, 1929, at 9:30 o'clock a. m.

*Rehearing denied December 19, 1932.

The charges of negligence against the driver of the defendant's truck are that he was operating it at an excessive rate of speed on his left, or the wrong side of the road; that the presence of the defendant and his wife on the driver's seat interfered with the chauffeur's proper management of the car; and that the chauffeur failed to keep a proper lookout while negotiating a sharp curve in the road, at the scene of the accident.

Defendant denied the charges of negligence, pleaded contributory negligence, and, in reconvention, prayed for damages alleged to have been sustained by his truck, claiming that the accident was caused solely through the plaintiff's fault in failing to keep a proper lookout, driving his automobile at a fast rate of speed and in a reckless manner on his left, or wrong side of the road, and pursuing a zigzag course.

The case was tried on its merits, and after hearing the witnesses for both parties the trial judge felt that neither party litigant had satisfactorily sustained his position, and entered a nonsuit as to the main and reconventional demands. Both parties have appealed.

The record shows that on the morning in question Mr. Boudreaux was driving the defendant's two-ton truck, which was heavily laden with glass jars containing Abita Springs water, on the Chef Menteur Highway in the direction of New Orleans. The defendant and his wife were seated beside the driver. The plaintiff, a traveling salesman, who was alone, was driving his Chevrolet sedan on the same roadway in the direction of Slidell. The thoroughfare was a gravel road about thirty feet wide, with a mud shoulder on both sides, and a canal on the right side going in the direction of Slidell. The roadway has curves in it, but the evidence is conflicting as to whether the accident happened in or beyond one of the curves in the road. The truck and automobile collided, the extreme left front of the truck striking the left front part of the Chevrolet car and resulting in the truck crossing the road to its left side and going down an embankment into the canal, and the Chevrolet turning slightly to the left to be in a diagonal position on its right side of the road. Both vehicles were very badly damaged, and the plaintiff severely injured.

The only eyewitnesses to the accident are the plaintiff, the defendant, and the defendant's chauffeur, Mr. Boudreaux. Plaintiff's version of the happening of the accident is that he was on his extreme right of the road running at a moderate rate of speed and saw the truck approaching at a very rapid rate of speed on its left, or the wrong side of the road; that as its driver attempted to negotiate a sharp curve in the road the truck suddenly swerved into his car and knocked him unconscious and caused the damages complained of.

The defendant and Mr. Boudreaux testified that the plaintiff was driving at an excessive rate of speed, pursuing a zigzag course on his left, or wrong side of the road, and that in an attempt to avoid the collision, Mr. Boudreaux swerved suddenly to the left.

Both parties produced witnesses, who came upon the scene after the accident, but their evidence is not very helpful because it is likewise conflicting. The physical damage to the automobiles is on their respective left front sides, except for the damage to the front part of the truck, which was caused by going down the embankment. The tire marks on the road and some broken glass, according to the testimony of some of the defendant's witnesses, indicate that the Chevrolet car was pursuing a zigzag course, and that the point of contact was on the truck's right side of the road. This evidence is not in accord with plaintiff's witnesses' testimony.

A careful review of the record leaves us without any clear idea as to how the accident occurred, and without any conviction as to who was to blame. The accident happened in the daytime, and both drivers admit that they saw the respective cars of each other approaching, but they did not offer any satisfactory or convincing reason why they were unable to stop or to maneuver so as to avoid the collision. We have therefore concluded to affirm the judgment.

The judgment appealed from is affirmed. Affirmed.